IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-24,066-03 






EX PARTE GLENN LEE HOWE, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER F-88-631-B IN THE 158TH CRIMINAL 

DISTRICT COURT DENTON COUNTY 





 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Penal
Code. Ex Parte Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant was convicted
of unauthorized use of a motor vehicle and sentenced to twenty-five years' imprisonment. 
In an unpublished opinion, Applicant's conviction was affirmed on July 20, 1993. Howe v.
State, No. 02-92-00142-CR (Tex. App. -- Fort Worth 1993, no pet.).

 This case was remanded to the trial court on September 15, 2004 to determine whether
Applicant was ever in custody pursuant to a pre-revocation or blue warrant, and if so, the
dates he was in custody, and whether he received time credit toward the expiration of his
sentence for the period of time he spent in confinement pursuant to any pre-revocation
warrant. 

 On May 5, 2005, this Court received a supplemental record from the trial court. The
court issued findings of fact and conclusions of law and recommended that relief be denied. 
After a review of the supplemental record, it is this Court's opinion that there are unresolved
facts which warrant a second remand. Applicant alleges that he was held on a blue or pre-revocation warrant for two periods of time, from March 4, 1998 to May 12, 1998, and from
February 11, 1999 to June 2, 1999. It cannot be ascertained from the record before the Court
whether Applicant was in custody pursuant to a pre-revocation warrant during the time
periods he claims he was held on such warrants. Additionally, it is unknown if Applicant
was given time credit for the time periods he may have spent in custody on any pre-revocation warrants following his February 22, 1993 release. As such, the trial court shall
order the Texas Board of Pardons and Paroles and/or the Texas Department of Criminal
Justice, Review and Release Division, and/or the Warrants Section of the Texas Department
of Criminal Justice to file an affidavit, with supporting documentation, addressing the
aforementioned issues. Tex. Code Crim. Proc. art. 11.07 § 3. The trial court may also
order depositions, interrogatories, or hold a hearing. In the appropriate case, the trial court
may rely on its personal recollection. Id. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and the Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 With respect to Applicant's 1993 release on parole, the trial court shall determine if
Applicant is entitled to any time credit for time spent in custody pursuant to any pre-revocation warrants. Ex parte Canada, 754 S.W.2d 660, 668 (Tex. Crim. App. 1988). The
trial court may also make any further findings of fact and conclusions of law which it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d at 294,
this application for a post-conviction writ of habeas corpus will be held in abeyance pending
the trial court's compliance with this order. Resolution of the issues shall be accomplished
by the trial court within 90 days of the date of this order. (1) A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes
from any hearing or deposition along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)

IT IS SO ORDERED THIS THE SEVENTH DAY OF DECEMBER, 2005.






EN BANC

DO NOT PUBLISH 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.